IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA DESHIELDS, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 3:09-CV-2125 |
| v. | : | |
| | : | (Judge McClure) |
| INTERNATIONAL RESORT | : | |
| PROPERTIES, LTD.; MOUNTAIN | : | |
| LAUREL RESORT & SPA; | : | |
| WILLOWBROOK AT LAKE | : | |
| HARMONY; VACATION | : | |
| CHARTER, LTD. and | : | |
| BAR-U-FARM, INC. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

September 15, 2010

**Background:**

On October 30, 2009, plaintiff, Linda DeShields, commenced the instant action by filing a complaint. Defendants are International Resort Properties, Ltd., Mountain Laurel Resort & Spa, Willowbrook at Lake Harmony, Vacation Charter, Ltd. and Bar-U-Farm, Inc. The complaint alleges various tortious claims against defendants. Jurisdiction is asserted based on diversity of citizenship.

On September 9, 2010, defendant Bar-U-Farm filed a Motion for Protective Order requesting the court strike from the document list attached to the notice of

1

deposition a number of paragraphs. (Rec. Doc. No. 29). Because the deposition is scheduled for September 24, 2010, the court expedited disposition of the motion by waiving the supporting brief requirement, and by ordering plaintiff to file an opposing brief by September 14, 2010. (Rec. Doc. No. 31). Plaintiff filed her reply brief on September 13, 2010. (Rec. Doc. No. 32). Thus, the matter is ripe for disposition.

Now, therefore, for the following reasons, we will grant the motion in part and deny it in part, to the extent described in this memorandum.

**Discussion:**

Federal Rule of Civil Procedure 26(c)(1) states, in relevant part,:

> A party . . . may move for a protective order in the court where the action is pending. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> *****
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;

Bar-U-Farms requests the court strike from the document list requests H, N, P, R, T, V, AA, BB, CC, DD, EE and FF. We will go through each in turn. As the instant order is written for the benefit of the parties only, we will not rehash all arguments made by each party.

*Request H:*

Request H asks the deponent to bring "Any and all records as relates to the acquiring horses by the defendant from the years 2001 to the present." We agree with defendant that the only horse relevant to this case is the horse being ridden by DeShields, Jack-In-The-Box. Therefore, we will only order Bar-U-Farm to produce records relating to the acquisition of Jack-In-The-Box only.

*Request N:*

Request N asks the deponent to bring "Any and all records as related to the employment of all individuals, officers and/or owners employed by the Defendant from the year 2001 through the present." Because it seems possible that these records as they relate to Dorene Wehr, Karen Keeth and Beth Hauschild may be relevant, we will only order Bar-U-Farm to produce records relating to these three individuals.

*Request P:*

Request P asks the deponent to bring "Any and all records of any and all incidents which have occurred at any stables being operated by the Defendant from the year 2001 through the present." Although plaintiff finds it hard to believe that Bar-U-Farm does not know what the word "incident" means, we now advise plaintiff that the court does not either. Plaintiff's definition sheds no light on the

matter. An incident, by plaintiff's definition, could range anywhere from another rider falling off a horse, to finding a school child smoking on the property, to vandalism, to a party for an employee's birthday. We agree with defendant that this request is overly broad and unduly burdensome, and we will not require the deponent to respond to request P.

*Request R:*

Request R asks the deponent to bring "Any and all records of veterinary care for all horses in the possession of the Defendant from the year 2001 through the present." Although we do not believe that the veterinary records of all horses is relevant, it may be relevant to Jack-In-The-Box along with other horses being ridden with DeShield's group on the day of the incident in question. Therefore, we will order the deponent to produce the requested records as to all horses being ridden together in the same group with DeShields when she was riding Jack-In-The-Box.

*Request T:*

Request T asks the deponent to bring "Any and all records of tax returns filed by the corporation from the year 2001 through the present." This request is overly broad. We will only require defendant to provide documentation relevant to this request for the two years prior to the incident in question.

*Request V:*

Request V asks the deponent to bring "Any and all records of tax returns, W-2's, 1099's and/or any other proof of income for employees of the Defendant from the year 2001 through the present." This request is overly broad. We will only require defendant to provide documentation relevant to this request for the two years prior to the incident in question.

*Request AA:*

Request AA asks the deponent to bring "Any and all records relating to any and all employees either paid through a W-2, 1099 or who received cash payments while working at Mountain Laurel Stables during the time the Defendant was maintaining and operating the stable at Mountain Laurel Resort from the year 2001 through the present." This request is overly broad. We will only require defendant to provide documentation relevant to this request for the two years prior to the incident in question.

*Request BB:*

Request BB asks the deponent to bring: "Any and [all] records of employment of any individual who worked at the Mountain Laurel Stables while the Defendant was operating same from the year 2001 though the present." This request is overly broad. We will only require defendant to provide documentation

relevant to this request for the two years prior to the incident in question.

*Request CC:*

Request CC asks the deponent to bring: "Any and all records as relates to any incident which occurred while the Defendant was operating the horse stables at Mountain Laurel Resort from the year 2001 to through the present." Our reasoning is the same as our reasoning for paragraph P. Bar-U-Farms will not be required to respond to this request.

*Request DD:*

Request DD asks the deponent to bring: "Any and all records, reports of any investigation into any incident which occurred while the Defendant was operating the horse stables at Mountain Laurel Resort from the year 2001 through the present." Our reasoning is the same as our reasoning for paragraph P. Bar-U-Farms will not be required to respond to this request.

*Request EE:*

Request EE asks the deponent to bring: "Any and all records of all individuals who signed releases before mounting a horse being maintained by the Defendant while the Defendant was operating the horse stables at Mountain Laurel Resort from the year 2001 through the present." We find plaintiff's argument to be wholly unpersuasive. We see no relevance to the tort claim here in producing

6

the releases signed by other riders. The only release that is relevant is plaintiff's. Bar-U-Farms will only be required to produce plaintiff's release.

*Request FF:*

Request FF asks the deponent to bring: " Any and all records as related to the construction of or adoption of or use of any type of release and/or documentation to be requested to be signed by anyone who requested a ride on a horse being maintained or operated by the Defendant while the Defendant was operating the horse stables at Mountain Laurel Resort from the year 2001 through the present." We find plaintiff's argument to be unpersuasive. The only release that is relevant to the issue at hand is that signed by plaintiff.

**Conclusion:**

As to paragraph H: Bar-U-Farm will be ordered to produce the records requested relating to the acquisition of Jack-In-The-Box only.

As to paragraph N: Bar-U-Farm will be ordered to produce records requested relating to Dorene Wehr, Karen Keeth and Beth Hauschild only.

As to paragraph P: The request is overly broad and unduly burdensome, and Bar-U-Farm will not be required to respond to this request.

As to paragraph R: Bar-U-Farm will be ordered to produce the requested records as to all horses being ridden together in the same group with DeShields

when she was riding Jack-In-The-Box

As to paragraph T: Bar-U-Farm will be ordered to produce records requested for the two years prior to the incident in question.

As to paragraph V: Bar-U-Farm will be ordered to produce records requested for the two years prior to the incident in question.

As to paragraph AA: Bar-U-Farm will be ordered to produce records requested for the two years prior to the incident in question.

As to paragraph BB: Bar-U-Farm will be ordered to produce records requested for the two years prior to the incident in question.

As to paragraph CC: The request is overly broad and unduly burdensome, and Bar-U-Farm will not be required to respond to this request.

As to paragraph DD: The request is overly broad and unduly burdensome, and Bar-U-Farm will not be required to respond to this request.

As to paragraph EE: Bar-U-Farm will be ordered to produce the records requested relating to plaintiff only.

As to paragraph FF: Bar-U-Farm will be ordered to produce the records requested relating to plaintiff only.

s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LINDA DESHIELDS, :
:
    Plaintiff, : Civil Case No. 3:09-CV-2125
  v. :
: (Judge McClure)
INTERNATIONAL RESORT :
PROPERTIES, LTD.; MOUNTAIN :
LAUREL RESORT & SPA; :
WILLOWBROOK AT LAKE :
HARMONY; VACATION :
CHARTER, LTD. and :
BAR-U-FARM, INC. :
:
    Defendants. :

**ORDER**

September 15, 2010

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT**:

    1.    Defendant Bar-U-Farm's Motion for Protective Order (Rec. Doc. No. 29, filed September 9, 2010) is GRANTED, to the extent provided for in the accompanying memorandum.

2.	Defendant Bar-U-Farm is directed to comply with plaintiff's requests only as set forth in the Conclusions portion of the memorandum.


<u>s/James F. McClure, Jr.</u><br>
James F. McClure, Jr.<br>
United States District Judge