```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LINDA DESHIELDS, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 3:09-CV-2125 |
| v. | : | |
| | : | (Judge McClure) |
| MOUNTAIN LAUREL RESORT | : | |
| & SPA; VACATION CHARTER, | : | |
| LTD. and BAR-U-FARM, INC. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

November 2, 2010

**Background:**

On October 30, 2009, plaintiff, Linda DeShields, commenced the instant action by filing a complaint. Defendants are International Resort Properties, Ltd., Mountain Laurel Resort & Spa, Willowbrook at Lake Harmony, Vacation Charter, Ltd. and Bar-U-Farm, Inc. The complaint alleges various tortious claims against defendants. Jurisdiction is asserted based on diversity of citizenship.

On September 10, 2010 plaintiff filed a Motion to Compel Discovery Against Bar-U-Farm, Inc ("Bar-U-Farm"). (Rec. Doc. No. 30). No supporting brief was filed. On September 20, 2010, Bar-U-Farm filed an opposing brief. (Rec. Doc. No. 34). On October 4, 2010, plaintiff filed a reply brief. (Rec. Doc.

1

No. 36). On October 11, 2010, defendant filed a sur-reply brief. Thus, the matter is ripe for disposition.

Now, therefore, for the following reasons, we will grant the motion in part and deny it in part, to the extent of the relief provided in this memorandum.

**Discussion:**

Plaintiff served Bar-U-Farms with a Request for Production of Documents on or about March 18, 2010. Some of the requests have been dealt with in our Memorandum and Order of September 15, 2010, in response to a motion for protective order. The now moot requests are paragraphs 4, 5, 6, 8 and 40. In response to requests 2, 3, 7, 9, 11, 12, 13, 14, 27, 28, 31, 32, 33, 34, 37, 38, and 39 defendant responded that it has no responsive documents. Defendant provided responses to requests 18, 19, 21, 22, 23, 24, 25, 26, and 36. We will go through each of the remaining paragraphs in turn. As the instant order is written for the benefit of the parties only, we will not rehash the arguments made by each party.

Request 1 seeks "All documents giving the Defendant Bar-U-Farm the right to operate the stables located at Mount Laurel Stables at Mount Laurel Resort and Spa." Bar U Farm responded that it had none, however noted that there is a lease between Split Rock and Bar-U-Farm. It is unclear to the court what "Split Rock" is. Therefore, inasmuch as Bar-U-Farm believed its mention of the lease was at

least partially responsive to plaintiff's request, we will order Bar-U-Farm to produce these documents.

Request 10 seeks: "Any and all documents, records or log sheets maintained by the Defendant Bar-U-Farm, Inc. as to the specific horses which are ridden on a specific day. Said records being from January 1, 2007 through June 1, 2008." Defendant objected that this request was irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overbroad, and unduly burdensome. The court agrees in part and disagrees in part. The court believes records of this nature may be relevant, but not over a year-and-a-half span. The court will order Bar-U-Farm to produce documents responsive to this request for the thirty-day period prior to the incident at issue here, including the day of the incident at issue here, and the thirty days after.

Request 16 seeks: "Any and all documents relating to the manner of the occurrence and/or incident, events giving rise or leading up to or the cause thereof, other than the statements of witness and parties produced in response to any preceding request." Defendant responded that it has a responsive document, a January 5, 2010, statement its investigator took from Dorene Wehr, but that the statement would be withheld pursuant to work product privilege. As the parties have devoted the most effort in their respective briefs arguing over this statement,

the court will as well.

On its privilege log, Bar-U-Farms explains that Joseph Roche, of Investigative Services, interviewed Dorene Wehr at Attorney Wilson's request, and a handwritten statement was signed by Wehr. Plaintiff argues that she cannot contact Wehr herself because Wehr advised that she is represented by Bar-U-Farm's counsel. Plaintiff also argues that she is unable to obtain the statement from Wehr in any other manner. Defendant argues that the statement is privileged pursuant to Fed. R. Civ. P. 26(b)(3) and that plaintiff has not shown a substantial need for the statement nor has she shown that she could not get the substantial equivalent of the statement without undue hardship. Wehr has been deposed by plaintiff.

To determine if a statement is discoverable under Fed. R. Civ. P. 26(b)(3),

> The rule requires that we consider three questions in determining whether the statement[] at issue in this case [is] discoverable: (1) whether that statement[] [was] made "in anticipation of litigation," (2) whether Plaintiff has shown "substantial need" of the statement[], and (3) whether Plaintiff is "unable without undue hardship to obtain the substantial equivalent" of the statement[].

Brown v. Nicholson, 2007 U.S. Dist. LEXIS 30752, *4 (E.D. Pa. April 25, 2007) (Surrick, J.).

"The fact that these statements were made to Defendant's insurance carrier, or investigators hired by the insurance carrier, does not exempt them from

4

coverage under Rule 26(b)(3) nor does it automatically entitle them to the Rule's protection." Id. at 6. The statement was made by defendant's agent to defendant's investigator at the request of defendant's counsel shortly after the complaint was filed. The court finds that the statement was made "in anticipation of litigation." The court understands that plaintiff believes she has a "substantial need" for the statement because Dorene Wehr does not remember if she told the investigator the horse was stung by a bee, and it appears the defendant will argue that the horse was stung by a bee. However, plaintiff was able to depose Dorene Wehr and question her about the alleged bee sting.

> [T]he timing of the statement[] do[es] not prevent depositions from serving as [its] substantial equivalent[]. While the statement[] [was] made closer to the time of the accident, [it was] not contemporaneous with it, and, as a result, [is] not so unique that [it] cannot be substantially replicated in depositions. Mere lapse of time should normally be enough to require production only of a statement given at almost the same time as the accident

Id. at 10-11, (internal citations and quotations omitted). Plaintiff's fall from the horse occurred in 2007. The complaint was filed in 2009, and the statement taken in 2010. The deposition serves as the "substantial equivalent" because of the facts of the case here. Bar-U-Farms will not be directed to produce the January 5, 2010 statement of Dorene Wehr to Joseph Roche.

Requests 15, 17, 20, 29, 30, 35 and 41. Defendant has objected to all of these requests for production citing work-product privilege. "[W]ork product

5

privilege is governed, even in diversity cases, by uniform federal law embodied in Rule 26(b)(3)." Brown v. Nicholson, 2007 U.S. Dist. LEXIS 30752, *4 (E.D. Pa. April 25, 2007) (Surrick, J.), citing United Coal Cos. V. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988). The court has reviewed the privilege log. (Rec. Doc. No. 30-7 p 2-3) and will accept defendants' assertion of privilege as to this matter as plaintiff has not attempted to show that the materials are otherwise discoverable under Fed. R. Civ. P. 26(b)(1), that she has substantial need for the materials and cannot, without undue hardship, obtain their substantial equivalent by other means. See Fed. R. Civ. P. 26(b)(3).

**Conclusion:**

As to request 1: Bar-U-Farm is directed to produce documents relating to its lease with Split Rock.

As to request 10: Bar-U-Farm is directed to produce documents responsive to this request for the thirty-day period prior to the incident at issue here, including the day of the incident at issue here, and the thirty days after.

As to request 15: Bar-U-Farms is not required to respond further.

As to request 16: Bar-U-Farms is not required to respond further, and will not be directed to produce the January 5, 2010 statement of Dorene Wehr to Joseph Roche.

As to requests 15, 17, 20, 29, 30, 35 and 41: The court accepts Bar-U-Farm's assertion of privilege.

s/James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA DESHIELDS, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 3:09-CV-2125 |
| v. | : | |
| | : | (Judge McClure) |
| INTERNATIONAL RESORT | : | |
| PROPERTIES, LTD.; MOUNTAIN | : | |
| LAUREL RESORT & SPA; | : | |
| WILLOWBROOK AT LAKE | : | |
| HARMONY; VACATION | : | |
| CHARTER, LTD. and | : | |
| BAR-U-FARM, INC. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

November 2, 2010

For the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED THAT**:

Plaintiff's Motion to Compel Discovery is GRANTED in part and DENIED in part, as set forth in the accompanying memorandum. (Rec. Doc. No. 30).

<pre>                              s/James F. McClure, Jr.
                              James F. McClure, Jr.
                              United States District Judge</pre>