IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA DeSHIELDS,<br>  Plaintiff | No. 3:09cv2125 |
| v. | (Judge Munley) |
| MOUNTAIN LAUREL<br>RESORT & SPA; VACATION<br>CHARTER, LTD. and<br>BAR-U FARM, INC.,<br>  Defendants | |

## **MEMORANDUM**

Before the court for disposition are two motions for summary judgment.  Defendant Bar-U Farm, Inc. filed one of the motions and Defendants Mountain Laurel Resort & Spa (hereinafter "Mountain Laurel") and Vacation Charters, Ltd. filed the other.[1]  The motions have been fully briefed and are ripe for disposition.

**Background**

Plaintiff sustained injuries in a horseback riding incident on November 2, 2007.  (Doc. 74, Statement of Facts, Mountain Laurel, ¶ 1). At the time of the accident the plaintiff was vacationing at a "time share" she owned in the Mountain Laurel Resort & Spa located in Lake Harmony,

---

[1]This motion was also filed by International Resort Properties, Ltd. and Willowbrook at Lake Harmony.  Those two entities have since been dismissed from the case.  (See Doc. 63, Order of Oct. 28, 2010 granting plaintiff's motion to dismiss these parties).

The complaint lists as a defendant "Vacation Charter, Ltd.", which indicates that its actual name is "Vacation Charters, Ltd." (Doc. 1, Ans.)

1

Pennsylvania.[2]  (Id.)  On November 2, plaintiff and her husband took a trail ride at Defendant Bar-U Farm, Inc.'s (hereinafter "Bar-U") stables located at Mountain Laurel.  (Id. ¶ 2).  Plaintiff rode a horse named "Jack-In-The-Box." (Id.)  During the trail ride, the horse galloped and plaintiff was thrown from the horse.  (Doc. 68, Pl.'s Ans. to Mountain Laurel's SOF ¶ 4).  Specifically, plaintiff asserts that initially Jack-In-The-Box walked very slowly, and she fell behind the others on the ride - her husband and the trail ride leader, Doreen Wehr.  Eventually, plaintiff's horse overtook her husband and Wehr.  A short time later, the horse speeded up to a trot or gallop, and plaintiff was thrown off the horse, striking the ground.  (Doc. 67 - 6; 67 - 7; Pl.'s Ex. 6, 7, excerpts from plaintiff's deposition).  Plaintiff brought suit against the defendants for the injuries she sustained.  (Doc. 1, Compl.)  She alleges that she was thrown from the horse due to the defendants' negligence.  (Id.)  Defendants move for summary judgment bringing the case to its present posture.

**Jurisdiction**

Plaintiff is a citizen of Delaware, and the defendants are citizens of Pennsylvania., (Doc. 1, Compl. ¶¶ 1 - 2).  Thus, this court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  Because we sit in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions,

---

[2]Defendant Mountain Laurel was a division of Defendant Vacation Charters, Ltd.  (Doc. 74, Def. Mountain Laurel's Statement of Facts ¶ 6).

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing F<small>ED</small>. R. C<small>IV</small>. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial.  Id. at 324.

**Discussion**

The motions for summary judgment each raise the same three issues. Those issues are: 1) Is recovery by the plaintiff barred because she assumed the risk of her injury?  2) Did the defendants owe any duty to the plaintiff as she knowingly and voluntarily encountered the risk?  and 3) Is there any evidence from which a reasonable person could infer negligence?

### I. Assumption of the risk

The first issue raised by both motions is whether plaintiff's recovery is barred by the doctrine of assumption of the risk.  Generally for a negligence action, the defendant must owe the plaintiff a duty of care, and breach that duty leading to harm to the plaintiff.  "The basic premise of the doctrine of assumption of the risk is that a party who voluntarily and knowingly assumes a risk of harm arising from the negligent or reckless conduct of the defendant cannot recover damages for such harm." Malinder v. Jenkins Elevator & Mach. Co., 538 A.2d 509, 418 (Pa. Super. Ct. 1988).   Under Pennsylvania law, assumption of the risk may be used as an affirmative defense in the following three situations: 1) in cases involving express assumption of risk; 2) cases of strict liability; and 3) cases where a statute specifically preserves it as an affirmative defense. Howell v. Clyde, 620 A.2d 1107, 1113 n.10 (Pa. 1993) (plurality opinion).

In the instant case, the defendants assert that the assumption of risk defense has been preserved by a statute, the "Equine Activity" law.  This law provides that "[a]s to those within the scope of this act, liability for negligence shall only be barred where the doctrine of knowing voluntary assumption of risk is proven with respect to damages due to injuries or

death to an adult participant resulting from equine activities." 4 PA. STAT. ANN. § 602(a). The term "equine activities" includes, *inter alia*, "[r]ecreational rides or drives which involve riding or other activity involving the use of an equine." 4 PA. STAT. ANN. § 602(b)(6).

The Equine Activity law only provides immunity to the defendant, however, "where signing is conspicuously posted on the premises on a sign at least three feet by two feet, in two or more locations, which states the following: You assume the risk of equine activities pursuant to Pennsylvania law." 4 PA. STAT. ANN. § 603. This immunity is narrowly construed. 4 PA. STAT. ANN. § 606.

Thus, if defendants had the proper signs, then they are not liable for plaintiff's injuries. The Defendants allege that their evidence provides that the appropriate signage was used in this case, and that they are therefore, immune from suit.

Defendants present the deposition testimony of Harold Hauschild, the owner and operator of Defendant Bar-U Farms to support their position. Bar-U Farm rented and operated a riding stable on the Mountain Laurel premises, the stable from which plaintiff procured the horse on the day in question. (Doc. 46-2, Def. Mountain Laurel Ex. A, Lease). Hauschild testified that at the time of the incident, two signs were in place that read "WARNING You assume the risk of equine activities pursuant to Pennsylvania Law." (Doc. 46-6, Def. Mtn. Laurel Ex. E, Hauschild Dep. 95; Doc. 46-5, Def. Mtn. Laurel Ex. D, photograph of sign). The signs measured "3-by-4". (Doc. 46-6, Def. Mtn. Laurel's Ex. B, 95). One was located inside the barn, and the other was located where prospective horse riders signed the release. (Id.)

At plaintiff's deposition, she testified that she had noticed only one sign at the stables on the day in question. The sign read: "Mountain Laurel Stable." (Doc. 46-3, Def. Mountain Laurel's Ex. B, Pl. Dep. 67). Plaintiff's husband, Kevin DeShields, was present on the day of the incident. He indicated that signs were posted in the stable. He did not know how many there were or what was printed on them. (Doc. 46-4, Def. Mountain Laurel's Ex. C, Kevin DeShields Dep. 15).

Based upon this evidence, it appears that a genuine issue of material fact exists as to the existence of the signs and the language on the signs. The factfinder may agree with Hauschild that the appropriate signs under the Equine Activity law were indeed present.[3] On the other hand, the factfinder may credit plaintiff's testimony that only one sign was present and it did not provide the language required under the law to immunize the defendants from liability.

Accordingly, we will deny the motions for summary judgment that are based upon assumption of risk and the Equine Activity statute.

**II. Defendants' duty of care**

Next, the defendants argue that if the Equine Activity statute does not allow assumption of risk as a defense, then assumption of risk is still appropriate under Howell. We disagree. Pennsylvania provides a specific statute with regard to horseback riding and the defense of assumption of the risk. Here, a question of facts exists as to whether the statute provides a defense. Because a specific law is applicable, it would be inappropriate

---

[3]Hauschild's testimony is somewhat incomplete to provide immunity to the defendants. He indicates that the signs were 3 x 4. He does not indaicate the unit of measurement. As set forth above, the statute provides that the signs must be 3 feet by 2 feet.

6

to find assumption of the risk is defense under the common law.

### III. Evidence of negligence

The last argument raised by the defendants is that even if assumption of risk is not a proper defense, the plaintiff cannot recover because she has presented no evidence of negligence.

Plaintiff has provided evidence that at or about the time of the signing of the lease with Bar-U Farm, Inc., Vacation Charters, Ltd. did not inspect the trail at issue. (Doc. 69-3, Pl. Ex. C, Dep. Louis DelRosso 45). The General Manager of Mountain Laurel Resort and Spa also indicated that he never inspected the trail. (Doc. 69-4, Pl. Ex. D., Edward Peterson Dep. 15). No evidence is presented, however, that the state of the trail led to the incident.

Plaintiff's analysis of the defendants' negligence is as follows:

> Did the Defendants provide reasonable and safe trails to be traveled by the horse and the Plaintiff in this matter? Obviously the answer to that is no. The horse began to gallop in an area it was not allowed to or not supposed to. The horse began to gallop before any notice was given to the riders of what was about to occur. As a result of the horse galloping the Plaintiff was thrown off the horse. She bounced a number of times on the horse and then was thrown off. The duty owed the Plaintiff was clearly breached.

(Doc. 69, Pl. Oppo. Br. 11).[4] Plaintiff, however, has no evidence to support

---

[4] Plaintiff indicates that the trail leader provided by the defendants was charged with having "full and complete knowledge of what was to occur, when it was to occur and how it was to occur." (Doc. 69, Pl. Oppo. Br. 11). Plaintiff, however, does not tie any alleged lack of knowledge on the part of the trail leader to the happening of the accident. It is as if plaintiff argues that the trail leader should have know that the horse should not have galloped and thrown off the plaintiff. Such an argument does not convince this court that any sort of negligence took place.

her argument.  Plaintiff presents no evidence whatsoever that the trail was kept in a dangerous condition or that this particular horse should not have been provided to the plaintiff.  With no citation to the record, plaintiff states: "There is testimony, although very conflicting, as to whether there were bee stings on this horse and whether there were bees on this trail guide and whether the bees were in the ground or not."  (Id. at 11).  It appears that the plaintiff argues that the trail was negligently maintained, allowing a bees' nest to form in an area reserved for horse trail rides.  Besides the lack of evidence to support this proposition, the plaintiff provides no evidence, expert or otherwise, to indicate that allowing a bees' nest to form in the ground near the trail would be negligence on the part of the defendants.

      Generally, plaintiff's argument can be summarized as follows: because the accident happened, defendants must have been negligent.  The law does allow for such an inference.  The doctrine of *res ipsa loquitur* provides that the circumstances surrounding an injury may give rise to an inference of negligence.  Quinby v. Plumsteadville Fam. Prac., 907 A.2d 1061, 1071 (Pa. 2006).  "It is a rule that provides that a plaintiff may satisfy his burden of producing evidence of a defendant's negligence by proving that he has been injured by a casualty that normally would not have occurred in the absence of the defendant's negligence."  Id.  It cannot be said that a person would not be thrown from a horse in the absence of someone's negligence.  It is an inherent danger of riding a horse that such an incident may occur no matter how many precautions are taken.[5]

---

    [5]Defendants Mountain Laurel and Vacation Charter Ltd., also argue that they owed no duty to the plaintiff at all because they leased the

Because the doctrine of *res ipsa loquitur* is inapplicable, plaintiff needs evidence of negligence to proceed. If plaintiff presented evidence of a breach of duty, then summary judgment would be inappropriate. For example in Bulkin v. Camp Nockamixon, Inc., a child was injured when she fell off of a horse at summer camp. 79 A.2d 234, 235 (Pa. 1951). The child was on a horse and led by a groom to a corral. At the corral the groom released the horse. Id. It walked for a short time and then broke into a run and kicked up its heels. Id. The child fell from the horse and was injured. Id. The Pennsylvania Supreme Court found the following to be sufficient evidence of negligence: the camp allowed a ten-year-old child, who had never been on a horse before, to ride unattended despite her mother's request that she not be allowed to ride horses at the camp. Id.

In the instant case, the evidence presented merely consists of the following: Plaintiff rode the horse, it started to gallop and she fell off. No evidence suggests that the defendants engaged in any conduct that caused the horse to begin galloping or that the horse was generally an unsafe horse for a novice rider or that the trail was maintained in a negligent manner. Without such evidence, plaintiff's negligence claim cannot proceed.[6] Accordingly, summary judgment will be granted to the

---

premises and the horse stable to Bar-U Farm. Accordingly, they argue that Bar-U is solely responsible for ensuring the safety of those partaking in the business. While this argument may appear to have merit, we will not address it as we find that the plaintiff cannot establish negligence, regardless.

[6]Plaintiff's complaint contains many assertions of negligence. But no evidence has been presented to support the allegations. (See Doc. 1,

9

defendants.  An appropriate order follows.

---

Compl. ¶¶ 48, 56, 64, 70 and 76).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LINDA DeSHIELDS,**<br>　　　　　**Plaintiff**<br><br>　　　v.<br><br>**MOUNTAIN LAUREL RESORT & SPA; VACATION CHARTER, LTD.; and BAR-U FARM, INC.,**<br>　　　　　**Defendants** | **No. 3:09cv2125**<br><br>**(Judge Munley)** |

# ORDER

**AND NOW**, to wit, this 20th day of May 2011, it is hereby

**ORDERED** as follows:

1) Defendant Bar-U Farm, Inc.'s motion for summary judgment (Doc. 42) is hereby **GRANTED**;

2) Defendant Mountain Laurel Resort & Spa and Vacation Charter, Ltd.'s motion for summary judgment (Doc. 45) is hereby **GRANTED**. The Clerk of Court is directed to close this case.

　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　**s/ James M. Munley
　　　　　　　　　　　　　　　　JUDGE JAMES M. MUNLEY
　　　　　　　　　　　　　　　　United States District Court**